DELOS JOHNSON v. BIG CREEK TOWNSHIP,
NEOSHO COUNTY.

No. 477.   (61 Pac. 456.)

PRACTICE, *District Court—Allegations of Petition—Statement of Counsel.* The court having correctly decided that the petition, as modified by the oral statements and admissions of the plaintiff's counsel, did not state a cause of action, *held,* that no question concerning the sufficiency of the petition as it originally stood can properly be considered in proceedings to review such decision.

Error from Neosho district court; L. STILLWELL, judge.   Opinion filed June 13, 1900.   Affirmed.

*J. L. Dennison,* for plaintiff in error.
*Cates & Shinn,* for defendant in error.

The opinion of the court was delivered by

MILTON, J.:   This action was brought by the plaintiff in error to recover the sum of $112.99.   The petition alleged that in August, 1895, an agreement was entered into between the board of county commissioners of Neosho county and the trustees of the townships of Big Creek and Erie in said county, to the effect that the said county commissioners would cause a bridge to be constructed across a stream called Big creek at a point where the public highway between said townships crossed the creek, if the two townships would cause the necessary approaches to the bridge to be built; that the townships accepted the proposition and agreed to construct the approaches, it being agreed between the said trustees that Big Creek township would construct the east approach, and Erie township the west approach; that thereupon the

township of Erie constructed the west approach to the bridge; that the trustee of Big Creek township,

"then and there having full power and authority in that behalf, by a verbal contract duly entered into by and between said trustee and this plaintiff, authorized and employed plaintiff to construct said east approach, . . . and promised and agreed, for and in behalf of said township, that said township of Big Creek would pay to said plaintiff the fair and reasonable cost and expense of constructing the same; that plaintiff, pursuant to such contract with said trustee of Big Creek township, proceeded to and did construct said east approach to said bridge, and fully performed all the conditions and stipulations of said contract on his part to be done and performed; and said bridge and said approach so constructed by said plaintiff as aforesaid have become a portion of the public highway on the township line between said townships of Big Creek and Erie, and have been adopted and are now used by the public as and for a public highway."

The defendant answered as follows:

"The defendant, for its answer to the petition of the plaintiff, admits that the defendant is a municipal corporation duly organized under the laws of the state of Kansas; that the said board of county commissioners caused to be constructed a bridge over Big creek, on the highway dividing said township of Big Creek from the township of Erie, as in the said petition alleged; but defendant denies each and every other material allegation in said petition contained."

At the trial, defendant objected to the introduction of any evidence under the petition. Thereupon the following colloquy occurred between the court and the counsel for the plaintiff below:

"The Court: Mr. Dennison, I will ask you a question: Will you claim in this case a right to recover against the township on a contract with the township trustee alone, or will you claim a contract with the township board?"

"Mr. Dennison : We will claim a *quantum meruit;* that it was authorized to be done by the township trustee ; that the plaintiff, relying upon the instruction of the township trustee, proceeded to do the work. That will be the facts in the case."

"The Court : Will you claim any contract with the township board?"

"Mr. Dennison : No, sir ; these are the facts. I want to be fair with the court and say just what our contract is and what we can prove. If the court holds that we cannot recover on that kind of a contract, then there is no use of bothering with the case."

"The Court : The reason why I asked the question, after the specific allegations about the contract being made between the plaintiff and the trustee of the township, it is further alleged that the trustee had full power and authority to make the contract, which might be susceptible of rather a broad construction, when the objection is made to the petition as it is now made ; but in view of the answers that you have made me, that you will rely on an alleged contract entered into with the township trustee and not the township board, I am prepared to state how it strikes me."

"Mr. Dennison : I want to state the facts to the court. There will be no use going into the trial if our petition does not state a legal cause of action ; the evidence will show that the township trustee directed the work to be done ; that the plaintiff proceeded and constructed it upon that authority ; that he had no contract with the board as a board. These are the facts in the case ; and if the court is prepared to pass upon that we can just as well settle that now as at any time."

Thereupon the court sustained the objection to the introduction of evidence under the petition, and rendered judgment in favor of the defendant township for costs.

From the foregoing, and from the journal entry of judgment, it is evident that the trial court regarded the admissions and statements of plaintiff's counsel not only as presenting his theory of the case but also

Railway Co. v. Brown.

as modifying the allegations of the petition.   Viewed in this light the ruling and judgment are correct.   No question based on the petition unmodified by such statements and admissions can. properly be considered in this court.   The judgment of the district court will be affirmed.